UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bank of New York Mellon, f/k/a<br>Bank of New York, | Civil No. 11-837 (PAM/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Tammy F. Hanson and Jeffrey B.<br>Hanson, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Remand. For the reasons that follow, Plaintiff's Motion is granted.

**BACKGROUND**

On March 14, 2011, Plaintiff Bank of New York Mellon, formerly known as Bank of New York ("BONYM"), filed an Eviction Summons and Complaint against Tammy F. Hanson and other unnamed Defendants in Anoka County District Court. Tammy Hanson's husband, Jeffrey B. Hanson, was later identified as a co-Defendant. The property in question is located at 605 Benton Street, Anoka, Minnesota.

On January 25, 2010, BONYM conducted a mortgage foreclosure proceeding by advertisement and purchased the property at a sheriff's sale. The property was conveyed to BONYM by way of a sheriff's certificate and foreclosure record on that date, subject to the Defendants' six-month right of redemption. No redemption was made in the time allotted, and BONYM now seeks to evict Defendants.

On April 5, 2011, Defendants filed a Notice of Removal (Docket No. 1) based on diversity jurisdiction.  See 28 U.S.C. §§ 1332, 1441, 1446.  Defendants state that they are Minnesota residents, and contend that BONYM is headquartered in New York and is not a resident of Minnesota.  Defendants further state that the amount in controversy exceeds $75,000, exclusive of interests and costs.

In addition to their Notice of Removal, Defendants also filed an Answer and Counterclaim to BONYM's Complaint.  (Docket No. 2.)  BONYM subsequently filed a Reply to Defendants' Counterclaim.  (Docket No. 3.)  Then, on May 3, 2011, BONYM filed the instant Motion to Remand, arguing that this Court lacks jurisdiction to hear this action under the forum defendant rule.

**DISCUSSION**

Under 28 U.S.C. § 1447(c), a motion to remand brought on any basis except lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.  Such a motion brought on the basis of a lack of subject matter jurisdiction, however, may be brought at any time.  28 U.S.C. § 1447(c).  As BONYM notes, because its Motion was filed within 30 days of the Notice of Removal, this statutory criteria has been satisfied.

"Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting remand."  Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007) (quoting Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)).  Accordingly, "[t]he party seeking

removal and opposing remand has the burden of establishing federal subject matter jurisdiction." Moua v. Jani-King of Minn., Inc., 613 F. Supp. 2d 1103, 1106 (D. Minn. 2009) (Montgomery, J.) (citing In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993)).

Under 28 U.S.C. § 1441(b), any action predicated on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants admit in their Notice of Removal that they are citizens of Minnesota, the state in which this action was brought, and also that this Court's jurisdiction is based on diversity of citizenship. (See Notice of Removal.) Nevertheless, Defendants argue in their opposition briefing that this so-called forum-defendant rule does not apply to them because their counterclaim alleges a federal question.

First, the Court notes that Defendants' counterclaims do not appear to state any federal question. (Ans. & Countercls. at 3-8 (Docket No. 2).) Therefore, Defendants must rely solely on diversity jurisdiction as originally stated in their Notice of Removal. Second, even if Defendants could make out a federal question in their counterclaims, "only separate and independent claims that are joined by the plaintiff are considered removable under § 1441(c).[1]" Collins & Blaha, P.C. v. Shanaberger, No. 95-73550, 1995 WL 871201, at *1

---

[1] 28 U.S.C. § 1441(c) is the provision that governs removal on the basis of federal question jurisdiction. Although they did not do so, Defendants are forced to rely on this section instead of § 1441(b) in order to argue that their counterclaims, which purportedly set forth federal questions, vest this Court with subject matter jurisdiction.

(E.D. Mich. Nov. 16, 1995) (citations omitted).  Defendants' counterclaims thus cannot defeat removal in this case.  Because Defendants' purported removal violates the forum-defendant rule of § 1441(b), this Court is divested of jurisdiction.

**CONCLUSION**

Defendants have failed to carry their burden of establishing subject matter jurisdiction in this Court.  Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion to Remand (Docket No. 4) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  July  22,  2011

 s/Paul A. Magnuson  
Paul A. Magnuson  
United States District Court Judge